UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
STEPHANE HOUDET and
ALAN J. RICH,

              Plaintiffs,

  -against-                    **MEMORANDUM AND ORDER**
                                    13-CV-5131 (FB) (LB)

UNITED STATES TENNIS
ASSOCIATION, DANIEL MALASKY,
DAVID BREWER, DAVID SCHOBEL,
JEREMIAH YOLKUT, HARLAN
STONE, GORDON SMITH, CHRIS
WIDMAIER, and JOHN DOE and JANE
DOE (employees, agents, and servants of
UNITED STATES TENNIS
ASSOCIATION whose names are
unknown),

              Defendants.
----------------------------------------------------x

*Appearances:*
*For the Plaintiffs:*                             *For the Defendants:*
ALAN J. RICH                                 JEFFREY I. CARTON
Law Offices of Alan J. Rich               JOANNA FRANCES SANDOLO
250 West 57th Street, Suite 1619       Denlea & Carton LLP
New York, NY 10107                     One North Broadway, Suite 509
                                                        White Plains, NY 10601

**BLOCK, Senior District Judge:**

       Stephane Houdet ("Houdet") and Alan J. Rich ("Rich") (collectively, "plaintiffs") bring this action against the United States Tennis Association ("USTA") and various USTA employees (collectively, "defendants"). Presently before the Court

is defendants' unopposed motion to dismiss on the grounds that plaintiffs' claims are barred by the doctrine of res judicata, or alternatively, that plaintiffs have failed to state a claim. For the reasons that follow, the Court concludes that plaintiffs' claims are barred by res judicata.

## II.

For purposes of this motion, the Court must take as true all of the allegations of plaintiffs' complaint, and must draw all inferences in their favor. *See Weixel v. Board of Educ.*, 287 F. 3d 138, 145 (2d Cir. 2002). The Court may also consider "documents attached to the complaint as an exhibit or incorporated in it by reference" and "matters of which judicial notice may be taken." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). "[C]ourts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). The following facts are presented accordingly.

**A.    State Court Lawsuits**

On September 4, 2009, Houdet, a professional wheelchair tennis player, and Rich, a journalist, attorney, and documentary film-maker, sued the USTA in New York State Supreme Court, Kings County ("*Houdet I*"). The USTA is a non-profit organization that operates the yearly U.S. Open tennis tournament in Flushing, Queens.

Rich was both plaintiff and Houdet's attorney in the lawsuit.

In *Houdet I*, plaintiffs alleged that the USTA had violated the New York City Human Rights Law ("NYCHRL") by discriminating against wheelchair tennis players during the U.S. Open. In particular, plaintiffs alleged that the USTA (1) refused to allow Rich to videotape wheelchair tennis matches, and (2) sold licenses to broadcasters who refused to televise wheelchair tennis matches, resulting in a discriminatory impact. These actions allegedly injured Rich by impairing his ability to produce a documentary about wheelchair tennis, and injured Houdet by negatively impacting his ability to earn money and relegating him to "second class status" at the U.S. Open. Complaint at ¶ 24, *Houdet, et al. v. United States Tennis Association*, Index. No. 22704/2009 (N.Y. Sup. Ct. Sept. 4, 2009). Plaintiffs demanded injunctive relief "directing the issuance of credentials for the U.S. Open . . . for Rich for his documentary and the permission to use such footage for his documentary and for the purposes of disseminating it." *Id.* at ¶ 28.

For reasons that are unclear, the lawsuit languished until September 2011, when plaintiffs moved for an expedited order allowing Rich to film at the 2011 U.S. Open. Plaintiffs also moved to vacate a "Notice of Trespass" barring Rich from the U.S. Open grounds, which was apparently issued when Rich was caught filming a wheelchair tennis match during the 2010 U.S. Open. After oral argument, the Supreme Court

denied the motion on September 21, 2011.

USTA moved for summary judgment in March 2013, and in an order dated August 13, 2013, the court granted the motion and dismissed the lawsuit. With respect to Houdet, the court concluded that his claim failed as a matter of law because "the right to be filmed for one's own commercial benefit is simply not a privilege or right provided by the NYCHRL." Order at 15, *Houdet, et al. v. United States Tennis Association*, Index. No. 22704/2009 (N.Y. Sup. Ct. Aug. 13, 2013). The court also concluded that Houdet's discriminatory impact claim failed because "Houdet has not identified any USTA policy that results in a disparate impact." *Id.* at 17.

With respect to Rich, the court concluded that he lacked standing under the NYCHRL because he is "merely an individual who wishes to make a documentary about disabled athletes, which does not give rise to a claim of associational standing." *Id.* at 24. The court noted that, in his brief opposing summary judgment, Rich raised a new claim that the USTA retaliated against him for filing the lawsuit. The court rejected that claim, finding that "the court may entertain an unplead cause of action where the opposing party is not prejudiced," and further concluding that "defendant has made a prima facie showing that the claim is without merit." *Id.* at 25.

On September 11, 2013, plaintiffs returned to state court and filed a Summons With Notice against the USTA and several USTA employees. No complaint was ultimately filed, however, and on June 26, 2014, the court dismissed the action for

4

failure to timely file a complaint and for lack of personal jurisdiction over the USTA employees. *Houdet, et al. v. United States Tennis Association, et. al.*, Index. No. 505374/2013 (N.Y. Sup. Ct. June 26, 2014).

## B. Federal District Court Lawsuit

On September 13, 2013, Houdet and Rich filed this lawsuit against the USTA and nine USTA employees. In the complaint, plaintiffs allege that the USTA violated the Americans With Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL") by "effectively banning most videotaping, broadcast and retransmission of wheelchair tennis from the U.S. Open tennis championships and other tournaments." Complaint at ¶ 1. In particular, plaintiffs claim that Rich "has been unable to film any of the wheelchair matches and related events" because the USTA continually denied his requests. *Id.* at ¶ 57. These actions, contend the plaintiffs, relegate wheelchair tennis to a "second class sport," "den[y] equal opportunity for economic benefit to the wheelchair tennis players," and prevent wheelchair tennis players "from being seen in any meaningful way on television, the Internet, film or otherwise." *Id.* at ¶¶ 6, 29.

Plaintiffs further allege that the USTA has targeted Rich by (1) retaliating against him because of the prior state court action, (2) detaining him at the 2010 U.S. Open because he was using a small consumer camera, (3) banning him from the U.S. Open because of his attempts to film wheelchair tennis matches, and (4) "convinc[ing] other

5

tournaments not to issue media credentials to [him]." *Id.* at ¶¶ 8-10, 13.

Plaintiffs demand monetary damages and injunctive relief, "including those proposals made by Rich in . . . 2009, including but not limited to alternative methods of . . . licensing rights and granting permission to film and distribute wheelchair tennis." *Id.* at ¶ 63.

### III.

Where, as here, a federal court is considering the res judicata effect of a state court judgment, the federal court must afford the state court judgment the same preclusive effect it would have under the law of the state in which it was entered. *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 467 (1982). Under New York's "transactional approach" to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *O'Brien v. City of Syracuse*, 445 N.Y.S.2d 687, 688 (N.Y. 1981). As the New York Court of Appeals has directed:

> What factual grouping constitutes a "transaction", and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Reilly v. Reid*, 45 N.Y.2d 24, 29 (1978).

The Court concludes that plaintiffs' claims arise from the same series of transactions in *Houdet I* and are therefore barred by res judicata. The gravamen of plaintiffs' claims in both actions is identical: in each lawsuit, plaintiffs allege that the USTA has discriminated against wheelchair players by (1) barring Rich from personally filming wheelchair tennis matches, and (2) licensing media rights to broadcasters who do not televise wheelchair tennis matches, resulting in a discriminatory impact. While plaintiff's federal lawsuit emphasizes somewhat different facts than *Houdet I* – for example, that the USTA convinced other media outlets to deny credentials to Rich – New York courts have made clear that "even if there are variations in the facts alleged, . . . the separately stated 'causes of action' may nevertheless be grounded on the same gravamen of the wrong upon which the action is brought." *Smith v. Russell Sage Coll.*, 54 N.Y.2d 185, 192 (N.Y. 1981). Here, the new factual allegations are merely different aspects of the same underlying dispute, namely the plaintiffs' ongoing attempts to film wheelchair tennis matches at the U.S. Open.

The Court finds it irrelevant that plaintiffs' federal complaint alleges one ostensibly new cause of action, namely that the USTA retaliated against Rich for filing *Houdet I*. While this claim was obviously not asserted in their state court complaint, plaintiffs subsequently raised the claim before the state court in their motion papers, arguing that the USTA "has carried out a retaliatory campaign against Plaintiffs . . . [for] bringing this legal action." Plaintiffs' Memorandum of Law and Affirmation at

4, *Houdet, et al. v. United States Tennis Association*, Index. No. 22704/2009 (N.Y. Sup. Ct. Sept. 1, 2011). The state court adjudicated that claim, noting that "while Rich failed to assert this claim in his complaint, the court may entertain an unplead cause of action where the opposing party is not prejudiced." Order at 26, *Houdet, et al. v. United States Tennis Association*, Index. No. 22704/2009 (N.Y. Sup. Ct. Aug. 13, 2013). The court further rejected the claim as meritless, concluding that the USTA's actions were undertaken "because [Rich] violated defendant's policies, not in retaliation for this action." *Id.*

The Court also finds it irrelevant that plaintiffs have added new defendants, namely nine USTA employees. As an initial matter, plaintiffs' allegations concerning the new defendants are extremely cursory, and state only that the employees "aided and/or abetted in the discrimination and/or retaliation against [plaintiffs]" while "act[ing] within the scope of their employment as employees of" the USTA. Complaint at ¶¶ 81, 86.

Putting aside the scant nature of the allegations, however, the claims are nonetheless barred because res judicata applies not just to the parties in a prior litigation but also to "those in privity with them." *Gramatan Home Investors Corp. v. Lopez*, 46 N.Y.2d 481, 485 (N.Y. 1979). Since the new defendants are employees of the USTA, and their alleged wrongful acts were all undertaken in the course of their employment, the Court concludes that the new defendants have a sufficiently close relationship to

justify application of res judicata. *See* 18 Moore's Federal Practice § 131.40[3][f] (Matthew Bender 3d Ed.) ("Generally, an employer-employee . . . relationship will provide the necessary privity for claim preclusion with respect to matters within the scope of the relationship.").

In all, the Court concludes that the only real difference between this lawsuit and *Houdet I* is the statutes that the USTA is alleged to have violated. However, "[n]ew legal theories do not amount to a new cause of action so as to defeat the application of the principle of res judicata." *In re Teltronics Servs., Inc.*, 762 F.2d 185, 193 (2d Cir. 1985). Plaintiffs cannot dispute that they had a full and fair opportunity to litigate *Houdet I*: the parties extensively briefed the summary judgment motion, and the state court held oral argument before issuing a thorough 25-page opinion analyzing each of plaintiffs' claims in detail. Neither can plaintiffs dispute that the state court's decision was a valid final judgment, since "it is well settled that an order entered on a motion for summary judgment constitutes a disposition on the merits and, accordingly, is entitled to preclusive effect for purposes of res judicata." *Bardi v. Warren Cnty. Sheriff's Dep't*, 687 N.Y.S.2d 775, 777 (3rd Dep't 1999). Accordingly, the Court concludes that plaintiffs' claims are barred by res judicata.

## IV.

For the foregoing reasons, the Court grants defendants' motion to dismiss.

**SO ORDERED.**

/S/ Frederic Block\
FREDERIC BLOCK\
Senior United States District Judge

Brooklyn, New York\
December 3, 2014